GOVERNMENT OF THE VIRGIN ISLANDS,
Plaintiff/Appellant

v.

JUANITO ORTIZ, Defendant/Appellee

Criminal No. 1984/96

District Court of the Virgin Islands

Div. of St. Croix

December 3, 1985

LINDA D. HOPKINS, ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for plaintiff/appellant*

JOSEPH PONTEEN, ESQ., Office of the Public Defender, Christiansted, St. Croix, V.I., *for defendant/appellee*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

The issue before the Court in this appeal is whether the Territorial Court erred in refusing to impose the mandatory sentence of the Virgin Islands' deadly weapons statute upon the defendant. For the reasons stated below, we remand this matter for resentencing.

## I. FACTS

Defendant Juanito Ortiz was convicted by a jury of assault with a deadly weapon,[1] simple assault[2] and possession of a deadly weapon during a crime of violence.[3] He received two concurrent sentences of one year and thirty days on the respective assault charges. The sentencing judge refused to impose a penalty on the remaining count, finding that the Double Jeopardy Clause required that the weapons

---

[1] 14 V.I.C. § 297(2) (Supp. 1984–85) provides in pertinent part:

"Whoever, under circumstances not amounting to an assault in the first or second degree . . . assaults another with a deadly weapon . . . shall be fined not more than $500.00 or imprisoned not more than 5 years or both."

[2] 14 V.I.C. § 297(3) (Supp. 1984–85) provides in pertinent part:

"Whoever, under circumstances not amounting to an assualt in the first or second degree . . . assaults another with premeditated design and by use of means calculated to inflict great bodily harm . . . shall be fined not more than $500.00 or imprisoned not more than 5 years or both."

[3] 14 V.I.C. § 2251(a)(2)(B) (Supp. 1984–85) reads in relevant part:

"Whoever . . . with intent to use the same unlawfully against another has, possesses, bears, transports, carries or has under his proximate control, a dagger, dirk, dangerous knife, razor, stiletto, or any other dangerous or deadly weapon shall . . . if he has been convicted of a felony, or has, possesses, bears, transports, carries or has under his proximate control, any such weapon during the commission or attempted commission of a crime of violence . . . shall be fined not more than $2,000.00 or imprisoned not more than 5 years, or both, which penalty shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence."

offense merge with the conviction for assault with a deadly weapon. The government appealed this aspect of the sentence.

## II. DISCUSSION

██ The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." It "protects against a second prosecution for the offense after acquittal. It protects against a second prosecution for the offense after conviction. And it protects against multiple punishments for the same offense." Albernaz v. United States, 450 U.S. 333, 343 (1980) quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969).

██ It is well settled that a single act may be prosecuted under two criminal statutes and consecutive sentences imposed without violating the Double Jeopardy protections. See, e.g., Harris v. United States, 359 U.S. 19 (1959); Gore v. United States, 357 U.S. 386 (1958). Merger is mandated only when the statutes sought to be prosecuted are "merely different descriptions of the same offense," Gore, supra at 392. Whether two offenses must be merged necessitates inquiry into whether the legislature intended to authorize separate punishments for distinct crimes, Albernaz, supra at 344; Iannelli v. United States, 420 U.S. 770, 785 n.17 (1974), and the established test for determining the intent is "whether each provision requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1931). Cumulative sentences may be imposed for the same crime, however, where the legislature has specifically authorized such a punishment. Missouri v. Hunter, 459 U.S. 359, ---, 103 S.Ct. 673, 678 (1983); Whalen v. United States, 445 U.S. 684, 693 (1980).

Applying this analysis, the Third Circuit has foreclosed an attack on the statutes at issue here on Double Jeopardy grounds. In upholding cumulative sentencing under these provisions as constitutional and mandatory the Court stated:

> The legislature made clear in the language of the deadly weapon statute that it intended the punishment imposed for that offense to be cumulative to the punishment imposed for the crime of violence. itself . . . . The Supreme Court has held that where a legislature specifically authorized cumulative punishment for two offenses, even if one of the offenses is included in the other under the test of Blockburger v. United States, the prosecutor may seek, and the trial court or jury may impose,

cumulative punishment under such statutes in a single trial without violating the Double Jeopardy Clause.

Government of the Virgin Islands v. Grant, No. 84/3422, slip op. at 11 (3d Cir. October 17, 1985) (footnote and cites omitted).

■ Thus it is clear that the failure of the Territorial Court to impose the additional penalty required under the deadly weapons law was erroneous.

## III. CONCLUSION

We remand this matter to the Territorial Court for resentencing in accordance with 14 V.I.C. § 2251(a)(2)(B).

## ORDER

THIS MATTER is before the Court on the government's appeal from the Territorial Court. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT this matter be remanded to the Territorial Court for resentencing in accordance with this Court's Memorandum Opinion.